United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-50875
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN JIMENEZ-SILVESTRE, also known as Juan De La Vellano

Defendant-Appellant

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

consolidated with

No. 06-50883
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN DE LA VELLANO, also known as Ruben Jimenez-Silvestre

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-217-ALL
USDC No. 2:05-CR-638-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ruben Jimenez-Silvestre, who is also known as Juan De La Vellano, appeals following his guilty-plea conviction of, and sentence for, violating 8 U.S.C. § 1326 by being found in the United States without permission after deportation and the concomitant revocation of his supervised release. He argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the three-year term of supervised release imposed in relation to his new conviction exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Jimenez-Silvestre's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Pineda-Arrellano, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007. Jimenez-Silvestre properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Jimenez-Silvestre's appeal of his revocation of supervised release was consolidated with the instant appeal. He has not, however, raised any argument

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with respect to these proceedings. Any such claim is thus deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The Government's motion for summary affirmance is GRANTED, the Government's motion for an extension of time to file a brief is DENIED, and the judgments of the district court are AFFIRMED.